**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ALLISON YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **CIVIL ACTION 07-0810-WS-M** |
| | ) |
| CITY OF GULF SHORES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for leave to amend the complaint. (Doc. 61). According to the motion, the sole purpose of the motion is to add two counts alleging violations of the plaintiff's Fourth Amendment rights. The defendants do not consent to the amendment. (*Id*., ¶ 2).

The defendants filed an answer in December 2007, (Doc. 7), terminating any right of the plaintiff to amend unilaterally. Fed. R. Civ. P. 15(a)(1)(A). The deadline for filing motions for leave to amend the pleadings was established as April 4, 2008, (Doc. 14 at 2, ¶ 5), the date the plaintiff requested. (Doc. 13 at 6, ¶ 6).

When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the plaintiff's motion was also filed past the deadline established in the scheduling order for such motions, and such "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998). Accordingly, the plaintiff must first show good cause for her failure to comply with the scheduling order. *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is

proper under Rule 15(a).").

"This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes).  The plaintiff does not address this standard, or even acknowledge the existence of Rule 16(b).  Merely stating that additional claims exist is insufficient.  *Smith v. School Board of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) (simply asserting that new violations of law have been discovered, without indicating what they are, what facts support them, and why they were undiscoverable earlier, does not support a showing of good cause under Rule 16(b)).  Moreover, the plaintiff's only explanation for her failure to raise Fourth Amendment claims earlier is that she "neglected" to do so.  (Doc. 61, ¶ 1).  Neglect is fundamentally inconsistent with good cause.  *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause [under Rule 4(m)] exists only when some outside factor ... rather than inadvertence or negligence prevented service.").

For the reasons set forth above, the motion for leave to amend the complaint is **denied**.

DONE and ORDERED this 27th  day of January, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE