IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLISON YOUNG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0810-WS-M |
| | ) |
| **CITY OF GULF SHORES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to reconsider. (Doc. 63). The motion seeks reconsideration of the Court's order denying the plaintiff's motion for leave to amend the complaint to add two counts alleging violation of her Fourth Amendment rights. (Docs. 61, 62). The defendants have filed an objection, (Doc. 64), and the motion is ripe for resolution.

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *accord Shuford v. Fidelity National Property & Casualty Insurance Co.*, 508 F.3d 1337, 1345 (11th Cir. 2007). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); *accord Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). The plaintiff does not acknowledge, or attempt to fit within, these narrow confines, and it is plain that she does not. At any rate, the arguments she now raises would not support amendment of the

complaint even had she raised them initially.

The defendants filed an answer in December 2007, (Doc. 7), terminating any right of the plaintiff to amend unilaterally.  Fed. R. Civ. P. 15(a)(1)(A).  The deadline for filing motions for leave to amend the pleadings was established as April 4, 2008, (Doc. 14 at 2, ¶ 5), the date the plaintiff requested.  (Doc. 13 at 6, ¶ 6).

When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  However, the plaintiff's motion was also filed past the deadline established in the scheduling order for such motions, and such "[a] schedule shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  Accordingly, the plaintiff must first show good cause for her failure to comply with the scheduling order.  *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

"This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'"  *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes).  In her motion for leave to amend, the plaintiff stated only that she "previously neglected to allege the Defendant's violations of [her] Fourth Amendment rights, and justice would require that she be allowed to amend her Complaint to conform with the evidence expected to be established at trial."  (Doc. 61 at 1).  Thus, the plaintiff asserted merely that she has additional claims and that she neglected to raise them previously.[1]  Simply stating that additional claims exist is

---

[1] The portion of the plaintiff's argument following the comma addresses amendments to conform to the evidence under Rule 15(b) and so is premature prior to trial.

insufficient.  *Smith v. School Board of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) (asserting that new violations of law have been discovered, without indicating what they are, what facts support them, and why they were undiscoverable earlier, does not support a showing of good cause under Rule 16(b)).  Moreover, neglect is fundamentally inconsistent with good cause.  *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause [under Rule 4(m)] exists only when some outside factor ... rather than inadvertence or negligence prevented service.").  On this basis, the Court denied leave to amend.  (Doc. 62 at 2).

In support of her motion to reconsider, the plaintiff states that she did not learn of the Fourth Amendment violations until she took the officers' depositions in December 2008.  It was then, she says, that she learned one officer had sprayed her in the face with oleoresin capsicum spray, in violation of his training and possibly departmental policy.  Moreover, she continues, it was not until an expert's deposition in January 2009 that she learned of a "use of force report" concerning the incident.  (Doc. 63 at 4-5).  She suggests that these facts were not discoverable earlier because counsel, during 2008, had to endure a difficult pregnancy, co-counsel's unexpected withdrawal, and a family crisis, all of which delayed the officers' depositions.  (*Id*. at 1-2).

The record makes plain that neither the officers' depositions nor the use of force report exposed a Fourth Amendment claim that previously was undetectable.  The complaint alleges that the officers, upon stopping the vehicle in which she was a passenger, assaulted and battered her and, "without provocation and legal cause," caused her to "suffer serious injuries."  (Doc. 1, Exhibit 1 at 6-8).  In the parties' Rule 26(f) report, filed in January 2008, the plaintiff stated that the officers wrestled her to the ground, sprayed pepper spray directly in her face while she lay on her stomach with a knee in her back, yanked the handcuffs so hard she was injured (her elbow rotated "360 degree[s]"), and threw her into the patrol car, resulting in "severe injury" for which she received medical treatment.  Moreover, the plaintiff had in her possession a videotape of

the incident.  (Doc. 13 at 2).

Nothing in this record suggests that the plaintiff, by April 2008, lacked adequate information to raise Fourth Amendment claims.  From the Rule 26(f) report, it is clear that she knew the amount of force employed against her and the injuries she suffered.  With that established, whether the officers violated her constitutional rights depends on whether their actions were objectively reasonable given the circumstances they faced, including most importantly the severity of the crime at issue, whether the plaintiff posed an immediate safety threat, and whether she was actively resisting arrest or trying to flee.  *Reese v. Harbert*, 527 F.3d 1253, 1272 (11th Cir. 2008).  In April 2008, the plaintiff knew she had been prosecuted for public intoxication and resisting arrest, (Doc. 64 at 1), so she knew the severity of the crime at issue.  The plaintiff was at the scene, so she knew whether she posed a threat to anyone's safety.  Likewise, because she was there she knew whether she was resisting arrest or trying to run when the force was applied.  No information from any other source was needed in order to determine whether she could state a claim for relief.

Nor was any new,  relevant information gleaned from the officers' depositions or the use of force report.  The plaintiff says the depositions revealed that the spray used on her was oleoresin capsicum, (Doc. 63 at 4), but that is simply another name for pepper spray,[2] which the plaintiff knew in January 2008 had been employed.  The plaintiff says the depositions also revealed that the officers violated departmental policy and training in their use of pepper spray, (*id*. at 4), but that fact is not relevant, much less critical, to the

---

[2]*E.g., McCracken v. Freed*, 243 Fed. Appx. 702, 706 (3rd Cir. 2007); *Sallenger v. Oakes*, 473 F.3d 731, 734 (7th Cir. 2007); *Dalrymple v. United States*, 460 F.3d 1318, 1328 (11th Cir. 2006); *Greene v. Barber*, 310 F.3d 889, 893 (6th Cir. 2002); *Gargan v. Gabriel*, 50 Fed. Appx. 920, 922 (10th Cir. 2002); *Wilson v. Town of Mendon*, 294 F.3d 1, 4 n.6 (1st Cir. 2002); *Greene v. Hollaway*, 30 Fed. Appx. 134, 134 (4th Cir. 2002).

officers' liability.[3]  The plaintiff says the use of force report is significant because it is unsigned and undated and was not produced in response to previous discovery requests, raising the suspicion that it was created only recently, reflecting the officers' violation of departmental policy to create such documents.  (Doc. 63 at 5).  The officers' conduct after the arrest is not relevant to whether the force they used during the arrest was excessive.

In addition to the officers, the plaintiff has sued the police chief and the municipality, and she desires to state Fourth Amendment claims against them as well.  She does not, however, assert that the officers' depositions or the use of force report disclosed any new information  supporting a finding of liability against the chief and municipality,[4] much less that she previously had no basis for making a Fourth Amendment claim against them.

In summary, the plaintiff has presented no legally cognizable basis for pursuing a motion to reconsider.  Even had her present arguments been pressed in the first instance, she has failed to show that she could not have brought her Fourth Amendment claims by April 2008 based on the considerable information then in her possession.  She has thus failed to show that she could not, with diligence, have asserted these claims by the Rule 16(b) deadline.  Accordingly, she has failed to show good cause, which is fatal to her effort to amend.  The plaintiff's motion to reconsider is **denied**.

DONE and ORDERED this 5th day of February, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]*Reese*, 527 F.3d at 1272 (unless probable cause to arrest is challenged, the question is not the officers' intent or motivation but whether their conduct was objectively reasonable).

[4]On the contrary, she represents that the officers' depositions reflect that their conduct in connection with the pepper spray  violated departmental policy and training.  (Doc. 63 at 4).