IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLISON YOUNG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0810-WS-M |
| | ) |
| **CITY OF GULF SHORES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the defendants' motion for summary judgment. (Doc. 65). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 66-67, 69, 75-77, 82-83), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

The plaintiff was the passenger in a vehicle being driven by Ashley Calloway when it was pulled over by defendant police officer Greg Bobo on suspicion of driving under the influence. The plaintiff exited the vehicle, Bobo announced that she was under arrest for public intoxication and, before she was handcuffed and placed in Bobo's vehicle, a physical incident occurred during which Bobo dislocated the plaintiff's right elbow, which required several surgeries to repair. A jury convicted the plaintiff of public intoxication and resisting arrest, which convictions have not been invalidated.

The complaint asserts fifteen causes of action against four defendants. However, in response to the motion for summary judgment, the plaintiff purports to voluntarily dismiss half the defendants and most of her claims. (Doc. 76 at 27, 29). Because the defendants have moved for summary judgment, the plaintiff has no power to dismiss any

part of her complaint unilaterally.  Fed. R. Civ. P. 41(a)(1)(A)(i), (2).  However, the plaintiff represents that her action is taken after conferring with defense counsel, and the defendants have offered no opposition to dismissal in the four weeks since the plaintiff's brief was filed.  Accordingly, the Court construes the plaintiff's notice as a motion for voluntary dismissal, and the motion is **granted**.  Pursuant to Rule 41(a)(2), all of the claims against defendant City of Gulf Shores, all of the claims against defendant police chief Arthur Bourne, all of the state claims against defendant police officer Mike Hill, and all of the state claims against Bobo other than for assault and battery and intentional infliction of emotional distress will be dismissed without prejudice.[1]

The following claims remain for consideration:

| Count | Claim | Defendant(s) |
|---|---|---|
| • One | due process violations | Bobo and Hill |
| • Two | assault and battery | Bobo |
| • Eleven | due process violation | Bobo and Hill |
| • Thirteen | intentional infliction of emotional distress | Bobo |

## DISCUSSION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367(a).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district

---

[1]Although dismissal is without prejudice, the applicable statutes of limitations presumably would bar the refiling of these claims, since the incident at issue occurred in October 2005.

court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (internal quotes omitted).

In deciding the defendants' motion for summary judgment, the Court is required to view the evidence and the reasonable inferences therefrom in the light most favorable to the plaintiff. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court's review is limited to those factual and legal arguments the parties have expressly advanced.

**I.  Constitutional Claims.**

Count One alleges that Bobo and Hill violated the plaintiff's due process rights under the Fifth and Fourteenth Amendments to: (1) "freedom from illegal confinement and imprisonment"; (2) "freedom from physical abuse, coercion and intimidations"; and (3) "timely and effective assistance that should have been afforded to Plaintiff through

necessary and appropriate assistance and medical aid." (Doc. 2, Exhibit 1 at 6-7). Count Eleven alleges that Bobo and Hill, along with the dismissed defendants, "set forth and implemented a policy with regard to the detention of accused individuals ... to deprive those individuals of rights, aid and treatment while in custody." (*Id*. at 14).

### A. Illegal Confinement/Imprisonment.

The plaintiff asserts that the defendants lacked probable cause to arrest her for public intoxication. (Doc. 76 at 6-7). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). The defendants argue that the plaintiff's convictions for public intoxication and resisting arrest preclude her from pursuing this claim. (Doc. 66 at 15-16).

"We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal [or otherwise vacated or judicially drawn into question]." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If "a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence[,] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

"Because an illegal ... arrest may be followed by a valid conviction, ... a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, *Heck* does not generally bar such claims." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). In this case, the alleged lack of probable cause to arrest for public intoxication would not necessarily imply the invalidity of the plaintiff's conviction on that charge.

However, the plaintiff was also convicted of resisting arrest, which required the

jury to find that she "intentionally prevent[ed] or attempt[ed] to prevent a peace officer from affecting [sic] a lawful arrest" of the plaintiff. Ala. Code § 13A-10-41. The *Heck* Court expressly addressed such a situation. When (as in Alabama) the crime of resisting arrest includes a "lawful arrest" requirement, a plaintiff bringing a civil challenge to the lawfulness of the arrest (including the existence vel non of probable cause to arrest)[2] "would have to negate an element of the [resisting arrest] offense of which he has been convicted," such that "the § 1983 action will not lie." 512 U.S. at 486 n.6. The Eleventh Circuit has repeatedly acknowledged this principle as settled law. *E.g., Dyer v. Lee*, 488 F.3d 876, 879-80 (11th Cir. 2007); *McClish v. Nugent*, 483 F.3d 1231, 1250-51 (11th Cir. 2007).

The plaintiff alleges that she was falsely imprisoned in violation of her constitutional rights because the defendants lacked probable cause to arrest her for public intoxication. To prevail on this claim, she would have to prove that her arrest was unlawful, which would necessarily imply the invalidity of her conviction for resisting a lawful arrest. Because the plaintiff's conviction for resisting arrest has not been invalidated, pursuant to *Heck* her claim is "not cognizable under § 1983." 512 U.S. at 487.

### B. Physical Abuse/Coercion/Intimidation.

"Today we ... hold that all claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The plaintiff concedes that all the force of which she

---

[2]*E.g., Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995) ("[B]efore any force can be used in making an arrest, probable cause must exist to make a lawful arrest."); *Seay v. State*, 651 So. 2d 81, 83 (Ala. Crim. App. 1994) (probable cause is necessary for a lawful arrest).

complains was applied in the course of effecting her arrest and that *Graham* thus controls this case.  (Doc. 76 at 11-12).[3]  The plaintiff proceeds to analyze her claim under the Fourth Amendment.  (*Id*. at 12-15).  The problem is that the complaint does not invoke the Fourth Amendment but only the Fifth and Fourteenth Amendments.  The plaintiff is aware of this, because she previously moved for leave to amend the complaint on the grounds that she had "neglected to allege the Defendant's violations of [her] Fourth Amendment rights."  (Doc. 61, ¶ 1).[4]

Because the only potentially viable constitutional claim for the defendants' alleged use of excessive force in effecting the arrest is under the Fourth Amendment, and because the plaintiff did not allege a cause of action invoking the Fourth Amendment, the defendants are entitled to summary judgment on this claim.

### C.  Medical Assistance.

"Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause ...."  *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).  This is true with respect to claims of failure to provide medical assistance.  *E.g., Andujar v. Rodriguez*, 486 F.3d 1199, 1201-02, 1203 n.3 (11th Cir. 2007).

To prevail, the plaintiff must prove both "an objectively serious medical need" and "deliberate indifference to that need."  *Andujar*, 486 F.3d at 1203 (internal quotes omitted).  Defendant Bobo dislocated the plaintiff's elbow, and the defendants make no

---

[3]*See Garrett v. Athens-Clarke County*, 378 F.3d 1274, 1276-78, 1279 n.11 (11th Cir. 2004) (where the challenged force was employed in subduing and binding the plaintiff, "the facts here fall on the arrest end" of the spectrum); *Vinyard v. Wilson*, 311 F.3d 1340, 1347-48 (11th Cir. 2002) (applying the Fourth Amendment to force employed after the arrestee was handcuffed and enclosed in the back seat of a patrol car).

[4]The Court denied this motion, and the plaintiff's motion to reconsider, because she failed to satisfy the "good cause" requirement of Rule 16(b).  (Docs. 62, 70).

claim that this condition does not constitute an objectively serious medical need.

To establish deliberate indifference, the plaintiff must show that the defendants had "subjective knowledge" of her serious medical need. *Walker v. Huntsville*, 2009 WL 277543 at *3 (11th Cir. 2009). It is not enough for the plaintiff to show that the defendants were aware of facts from which they could have drawn the inference that the plaintiff had a serious medical need; she must show that they in fact drew the inference, and no constitutional liability arises from their failure to do so. *Burnette v. Taylor*, 533 F.3d 1325, 1330-31 (11th Cir. 2008) (internal quotes omitted).

There has been no evidence presented concerning Hill's awareness that the plaintiff's arm was sufficiently injured to constitute an objectively serious medical need, which is fatal to the plaintiff's claim against him. The only evidence concerning Bobo's awareness is the following. Defendant Bobo drove the plaintiff and Calloway to the jail. On the way, the plaintiff told Bobo that "[s]omething is wrong with my arm," but Calloway told the plaintiff to "shut up." (Young Deposition at 56). When they arrived at the jail and began walking towards it, the plaintiff complained that the handcuffs were tight. Bobo took them off and could see the arm injury. (Bobo Deposition at 32). Bobo immediately requested paramedics. (*Id*.; Young Deposition at 56).

On this evidence, Bobo lacked subjective knowledge of the plaintiff's need for medical attention until he removed her handcuffs when they arrived at the jail, and his liability therefore can be based only on his conduct after that point. Because Bobo immediately summoned paramedics, and because the plaintiff does not suggest that this was an inadequate response, her claim against him fails as a matter of law.

### D. Policy.

The existence of a policy is relevant to show the liability of a supervisor or

employing entity for the constitutional violations of a subordinate;[5] it is not useful in showing the subordinate's liability.  Count Eleven was originally alleged against Chief Bourne and the City as well as against Bobo and Hill but, with the voluntary dismissal of Bourne and the City, Count Eleven is no longer viable.  At any rate, and as pointed out by the defendants, the plaintiff has identified no evidence of any such policy.  Nor would the existence of a policy substitute for a legally and factually cognizable claim that Bobo and/or Hill violated the plaintiff's constitutional rights.

## II.  State Claims.

As noted, the only state claims not voluntarily dismissed by the plaintiff are her claims against Bobo for assault and battery and for intentional infliction of emotional distress.

### A.  Assault and Battery.

Bobo first argues that he is protected by discretionary function immunity under *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000), and peace officer immunity under Ala. Code § 6-5-338.  (Doc. 66 at 22-26).

> Every peace officer ... whose duties include the enforcement of ... the criminal laws of this state ... shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

Ala. Code § 6-5-338(a).  "However, whether a qualified police officer is due § 6-5-338(a) immunity is now judged by the restatement of State-agent immunity articulated by *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000)."  *Blackwood v. City of Hanceville*, 936 So. 2d 495, 504 (Ala. 2006) (internal quotes omitted).  There is thus only a single analysis.

---

[5]*E.g., Valdes v. Crosby*, 450 F.3d 1231, 1236-37 (11th Cir. 2006); *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003).

*Cranman* extends immunity to a defendant's conduct in "exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to law-enforcement officers' arresting or attempting to arrest persons." *Blackwood*, 936 So. 2d at 504 (internal quotes omitted).  However, even if conduct falls within a category identified in *Cranman*, the defendant is not immune if he "acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." *Blackwood*, 936 So. 2d at 503-04 (internal quotes omitted).  The complaint alleges that Bobo acted willfully, maliciously, and in bad faith. (Doc. 2, Exhibit 1, ¶ 18).  Bobo posits that no reasonable jury could find his conduct was such, (Doc. 66 at 24, 26; Doc. 82 at 15), but he offers no legal or analytical support for this bald conclusion. Viewing the evidence and reasonable inferences most favorably to the plaintiff, as it must, the Court concludes that there is a genuine issue of material fact as to whether Bobo acted willfully, maliciously or in bad faith.

For purposes of the immunity issue, "willful," "malicious" and "bad faith" all require evidence that the defendant acted (or failed to act) with the intent to injure or with ill will towards the injured party. *Ex parte Nall*, 879 So. 2d 541, 546 (Ala. 2003); *Williams v. City of Montgomery*, 48 F. Supp. 2d 1317, 1328 (M.D. Ala. 1999).  The primary injury here is a dislocated right elbow, and it takes "a lot of force" to dislocate an elbow. (Callahan Deposition at 42, 45).  The video shot from Bobo's vehicle indicates that, barely five seconds after announcing the plaintiff was under arrest, Bobo violently twisted her left arm behind her, resulting in an audible pop as she crumpled to the ground on her stomach.  Over the next 15 to 20 seconds, with his knees on her back, Bobo endeavored to handcuff the plaintiff, but without issuing any verbal orders to her.  During this period, the plaintiff moved her left arm (which had just popped) to a more natural position on the ground near her head.  Bobo, without any warning, promptly responded by spraying the plaintiff point-blank in the face with pepper spray, to which she predictably responded by attempting to use her left arm to wipe her face.  Bobo returned

the can to his belt and issued his first orders since taking the plaintiff to the ground.  Bobo ordered ,"Give me your other [left] hand" three times in four seconds (to which the plaintiff replied something like, "Sorry, I can't help it,"), then immediately and violently twisted her right arm, dislocating her elbow and causing her to extend her left arm back for cuffing.

Bobo naturally has a different take on the evidence and its implications, but the jury would be entitled to find the above to be the facts, and from them an intent to injure the plaintiff or ill will towards her.[6]  By way of example only, Bobo's almost instantaneous resort to force against a person charged only with public intoxication — and whose only transgressions were to "pul[l] a little bit" with her arm,[7] and not to go to the ground within one second after he commanded her to do so — could suggest a willingness or even eagerness to injure, as could the force associated with the audible pop.  Likewise, his use of pepper spray well within the three-foot minimum distance required by his training, and without the verbal warning his employer's policies generally required, (Bobo Deposition at 20-22; Doc. 77, Exhibit 5 at 3), could suggest an intent to injure.  His emphasis on the fact that the force dislocating the plaintiff's elbow was applied approximately 35 seconds after he announced her arrest, (Doc. 82 at 10), along with his language and tone on the video, could suggest that he was angry and felt ill will towards her, as could the degree of force itself.

Bobo's only other argument is that the plaintiff's claim is barred by issue preclusion, based on her conviction for resisting arrest.  (Doc. 66 at 27).  Bobo's theory is as follows: in arresting a suspect, a peace officer commits an assault if he uses excessive

---

[6]His attempt to inject new evidentiary material with his reply brief, (Doc. 77), comes too late.  *Mariano v. Potter*, 2006 WL 907772 at *3 & n.6 (S.D. Ala. 2006).  Nor would it alter the Court's conclusion even had it been timely submitted.

[7](Bobo Deposition at 12-13).  The video does not clearly show any such pulling, but it does show that the plaintiff's feet did not move.

force; a citizen has a legal right to resist an unlawful arrest; the plaintiff's arrest was unlawful if Bobo used excessive force to accomplish it; therefore, her conviction establishes that Bobo did not use excessive force and thus did not commit an assault. (Doc. 66 at 27; Doc. 82 at 15).

Bobo's argument fails at several points. First, he has offered no authority for the proposition that an arrest made with excessive force is an unlawful arrest; the single case he cites states only that an arrest made without legal authority to arrest is an unlawful arrest. *Telfare v. City of Huntsville*, 841 So. 2d 1222, 1229 (Ala. 2002) (arrest for a misdemeanor not committed in the officer's presence is an unlawful arrest). Here, there is no question but that Bobo had the legal authority to arrest the plaintiff.

Second, Bobo has failed to show that the question of whether he exerted excessive force was "actually litigated" in the state criminal proceedings. *McKinnon v. Blue Cross and Blue Shield*, 935 F.2d 1187, 1192 (11th Cir. 1991); *accord Pierce v. Rummell*, 535 So. 2d 594, 596-97 (Ala. 1988).[8] While it is possible that the plaintiff defended the criminal prosecution by arguing that Bobo used excessive force and that she was therefore legally free to resist arrest, possibility does not satisfy the standard for issue preclusion.

Third, for issue preclusion to apply, "the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *McKinnon*, 935 F.2d at 1192 (internal quotes omitted); *accord Pierce*, 535 So. 2d at 597. Even had the parties litigated whether Bobo used excessive force when he dislocated the plaintiff's elbow, any assessment by the jury that he did not would be

---

[8]Bobo assumes that federal law on this subject controls, (*id.*), while the plaintiff assumes that Alabama law governs. (Doc. 76 at 26). Since the elements of issue preclusion are essentially the same in both jurisdictions, the Court does not pause to resolve the issue. *Cf. CSX Transportation, Inc. v. Brotherhood of Maintenance of Way Employees*, 327 F.3d 1309, 1316-17 (11th Cir. 2003) (holding that "federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction").

unnecessary to the plaintiff's conviction, since Bobo insists that the plaintiff resisted arrest for approximately 35 seconds before he applied that force, so that the jury could have based its conviction on the plaintiff's conduct before Bobo's application of excessive force.

Fourth, issue preclusion requires that there be "identical parties" in the previous and present litigation. *Bates v. Harvey*, 518 F.3d 1233, 1240 (11th Cir. 2008); *Pierce*, 535 So. 2d at 597. Bobo has not attempted to show that he and the municipality involved in the criminal proceeding are "identical" for purposes of this rule.

### B.  Intentional Infliction of Emotional Distress.

"[T]he conduct made the basis of the claim must have been so outrageous in character and so extreme in degree as to be regarded as atrocious and utterly intolerable in a civilized society." *Newton v. Town of Columbia*, 695 So. 2d 1213, 1218 (Ala. Civ. App. 1997) (internal quotes omitted). Conduct meeting this stringent standard is "rare." *Jenkins v. United States Fidelity & Guaranty Co.*, 698 So. 2d 765, 768 (Ala. 1997). Bobo argues this is not one of those rare cases. (Doc. 66 at 30-31).

The plaintiff identifies no case suggesting that Bobo's conduct was sufficiently extreme and outrageous to survive summary judgment. "Substantial case law reflects that excessive physical force, by itself, does not satisfy the 'extreme and outrageous' requirement." *Phillips v. Irvin*, 2006 WL 1663677 at *22 (S.D. Ala. 2006). Thus, evidence that the defendant violently jerked the plaintiff's handcuffed arms upwards behind his back, bumped him into the rear of the police vehicle, slammed his head into the frame of the vehicle, and refused to loosen the handcuffs, resulting in permanent bilateral nerve damage to the plaintiff's wrists, significant back injuries, temporary eye swelling, and leg numbness, did not meet the necessary threshold. *Id*. at *14, 22. *See also Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1050-51, 1060 (S.D. Ala. 2007) (where two officers grabbed the plaintiff's arms while a third officer squeezed his throat

for 30-40 seconds until he nearly passed out, merely because he expressed dissatisfaction with the department's decision not to arrest or charge a particular person, the conduct was not sufficiently extreme and outrageous to survive summary judgment); *McCray v. City of Dothan*, 169 F. Supp. 2d 1260, 1266-70, 1300 (M.D. Ala. 2001) (where the police attacked the deaf plaintiff in a restaurant in the presence of his children (because he would not leave them to go to the parking lot to discuss a dent his four-year-old daughter had made in a Corvette in the next parking space), grabbed his arms even though he was not under arrest, slammed his face into a table so hard that it broke, threw him on the floor and choked him, falsely arrested him, left his distraught children in the care of strangers, and maliciously prosecuted him, the conduct would not support an outrage claim), *aff'd in part and rev'd in part on other grounds*, 67 Fed. Appx. 582 (11th Cir. 2003); *Newton*, 695 So. 2d at 1216, 1218 (where the defendant, purporting to act as a law enforcement officer outside his jurisdiction, intervened in a family fight and grabbed the plaintiff's arm, placed his boot on her shoulder while she lay on the ground and twisted it causing severe pain, and threatened to strike her with a blackjack he was holding, the conduct would not support an outrage claim).

On the authority and argument presented, the Court concludes that Bobo's alleged conduct is insufficient as a matter of law to support a claim for intentional infliction of emotional distress.

## CONCLUSION

For the reasons set forth above, the defendants' motion for summary judgment is **granted** with respect to all federal claims against Bobo and Hill and with respect to the intentional infliction of emotional distress claim against Bobo. The motion for summary judgment is **denied** with respect to the assault and battery claim against Bobo. All other claims are **dismissed without prejudice** pursuant to the plaintiff's voluntary dismissal.

DONE and ORDERED this 2nd day of April, 2009.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE