IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLISON YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0810-WS-M |
| | ) |
| CITY OF GULF SHORES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The Court has by separate order granted the plaintiff's motion for voluntary dismissal and most of the defendants' motion for summary judgment. Those rulings eliminate all federal claims and leave only one state-law claim for assault and battery against defendant Greg Bobo. The question before the Court is whether this claim should remain in federal court or be remanded to state court, from whence the defendants removed it.

The complaint included federal claims, making the case removable under 28 U.S.C. § 1441(a) and (b). Although the complaint suggested that complete diversity of citizenship also existed, removal on this basis was barred by Section 1441(b), which prohibits removal on diversity grounds when any defendant is a citizen of the forum state. Thus, as the notice of removal reflects, removal was accomplished exclusively due to the presence of federal claims.

Those federal claims gave the Court supplemental jurisdiction over the plaintiff's state-law claims, as the latter formed part of the same case or controversy. 28 U.S.C. § 1367(a). However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ...." *Id*. § 1367(c)(3). This language invests the Court with discretion to exercise, or not to exercise, supplemental jurisdiction. *Parker v. Scrap*

*Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

In exercising its discretion under Section 1367(c), "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted).  However, "[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).  This preference exists because, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The preference is particularly strong when the federal claims "have dropped out of the lawsuit in its early stages."  *Cohill*, 484 U.S. at 350.  However, the preference also applies when the federal claims are eliminated on motion for summary judgment.  *See, e.g., Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Murphy v. Florida Keys Electric Cooperative Association*, 329 F.3d 1311, 1320 (11th Cir. 2003); *Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").[1]  In such a situation, considerations of comity and fairness among the parties continue to favor remand.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless

---

[1] Other recent cases affirming a trial court's decision to decline supplemental jurisdiction after dismissing all federal claims on motion for summary judgment include *Dukes v. Georgia*, 212 Fed. Appx. 916, 917 (11th Cir. 2006); *Arnold v. Tuskegee University*, 212 Fed. Appx. 803, 811 (11th Cir. 2006); *Lingo v. City of Albany*, 195 Fed. Appx. 891, 894 (11th Cir. 2006); *Austin v. City of Montgomery*, 196 Fed. Appx. 747, 755 (11th Cir. 2006); and *Ingram v. School Board*, 167 Fed. Appx. 107, 108-09 (11th Cir. 2006).

decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Thus, retention of jurisdiction in this case is indicated only if considerations of judicial economy and convenience favor such retention and do so with sufficient force to outweigh the continuing pull of comity and fairness towards remand.

Impacts on judicial economy are measured in order to "support the conservation of judicial energy and avoid multiplicity in litigation" or "substantial duplication of effort." *Parker*, 468 F.3d at 746 (internal quotes omitted). The Court discerns no appreciable negative impact on judicial economy by remanding this action to state court. By resolving the defendants' motion for summary judgment, the Court has left the case ready for trial upon its return to state court. Remand will not require the state court to undertake more work, or expend more time, than would this Court were the assault claim to remain here. Judicial economy may well be enhanced, since the sole remaining claim, for assault by a police officer in the course of an arrest, raises issues with which a state court should be more familiar.[2]

The defendant resides in Baldwin County, as do plaintiff's counsel and many of the parties' identified witnesses.[3] The plaintiff lives in Tennessee, so either forum is equally convenient to her. The Court is unable to find that trial in Baldwin County will be appreciably less convenient than trial in Mobile.

---

[2]By way of example only, such a claim implicates state-law questions of what degree of force is required before a law enforcement agent can be said to commit an assault and of the circumstances under which such an officer may receive immunity for any assault.

[3]On motion for summary judgment, the defendants relied on the testimony of Mike Hill, James Barber and Arthur Bourne, who appear to be residents of Baldwin County. The driver of the vehicle, should she be called as a witness, apparently resides in Baldwin County. The only other known witnesses are a doctor in Gulf Breeze, Florida and an expert from Jupiter, Florida. Both are closer to Baldwin County than to Mobile.

After considering the factors identified by the Supreme Court and Eleventh Circuit, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over the plaintiff's assault claim. In such a situation, the correct disposition is remand rather than dismissal without prejudice.[4]  Accordingly, this case is **remanded** to the Circuit Court of Baldwin County.

DONE and ORDERED this 2nd day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4] *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) ("If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441.").